**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TATIANA ZAMATAIKINA,<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, et al.,<br><br>Respondents. | Case No. 5:26-cv-02479-SP<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITION** |

**I.**

**INTRODUCTION**

On May 11, 2026, petitioner Tatiana Zamataikina, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California ("Adelanto"). Petitioner contends her detention violates her rights to due process under the Fifth Amendment. Petitioner seeks immediate release from immigration custody, as well as other injunctive relief.

The same day she filed the Petition, petitioner also filed ex parte applications for a temporary restraining order ("TRO App.") (docket no. 3) and order to show case re:

preliminary injunction (docket no. 4), seeking the same relief as in the Petition. The court denied the ex parte applications in large part on May 12, 2026. Docket no. 10.

On May 18, 2026, respondents filed an Answer, supported by an exhibit. Docket nos. 12-13. Petitioner filed a Reply, supported by exhibits, on May 21, 2026. Docket no. 14.

Although petitioner is represented by counsel in this matter, she herself made several additional pro se filings on June 29, 2026, namely, a second petition, memorandum in support, and second TRO application. Docket nos. 15-18. Petitioner filed a status report three days later. Docket no. 19.

For the reasons discussed below, the court now denies the Petition.

## II.

## BACKGROUND

Petitioner is a 31-year old native and citizen of Russia. TRO App. at 8.[1] Petitioner entered the United States on June 18, 2015 on a J1 visa. Reply Ex., docket no. 14-2 at 37.

On July 10, 2025, petitioner was arrested for corporal injury (Cal. Penal Code § 273.5) against her then ex-boyfriend who is now her husband (the "victim"). Answer, Ex. A at 14:50-14:56, 24:40-24:56.[2] The police report indicates petitioner inflicted injury

---

[1] The Petition contains almost no factual allegations. As discussed below, this alone is a basis for denial. Nevertheless, for the purposes of Part II, the court relies on the factual allegations asserted in the denied TRO application, Reply, and respondents' exhibit. The TRO application is signed only by petitioner's counsel and is not verified by petitioner. The court therefore presumes that the facts in the TRO application are accurate: (1) for the purposes of Part II of this opinion and if not disputed by respondents; (2) if supported by documents submitted by petitioner as part of the Petition, TRO application, or Reply; or (3) if the information could have been within counsel's personal knowledge.

[2] Exhibit A to the Answer consists of two audio recordings of the April 21, 2026 bond hearing. One is less than one minute in length and contains no relevant portion of

on the victim by pulling his hair and scratching his right eye. *Id*. at 25:44-25:58. The police report also indicated the victim did not want to press charges against petitioner. *Id*. 9:45-10:15. The Los Angeles City Attorney declined to file criminal charges. *See* Reply Ex., docket no. 14-2 at 32.

On July 17, 2025, petitioner married the victim, a United States citizen. *Id.* at 20. On August 14, 2025, petitioner filed Forms I-130 (Petition for Alien Relative) and I-485 (Application to Register Permanent Residence or Adjust Status), which are pending. *Id*. at 22, 24; TRO App. at 8.

ICE arrested petitioner without a warrant on March 5, 2026. TRO App. at 8. On April 21, 2026, petitioner appeared before an immigration judge ("IJ") for a bond hearing. *See* Answer, Ex. A; Pet. at 3. The IJ denied petitioner bond on the ground that petitioner is a danger to the community. *See* Answer, Ex. A.

On May 11, 2026, petitioner filed the instant Petition.

## III.

## DISCUSSION

Although petitioner lists three grounds for relief in the Petition, she effectively raises one: her detention violates her Fifth Amendment right to due process because she was denied a constitutionally adequate bond hearing. Pet. at 7; Reply at 5-10; *see* TRO App. at 12-13. Respondents argue the Petition should be denied because: (1) petitioner fails to plead any factual basis for habeas relief; (2) petitioner received a legally adequate bond hearing; (3) the court lacks jurisdiction to overturn the bond decision; and (4) petitioner failed to exhaust her administrative remedies. Answer at 2-10.

### A. Petitioner's Pro Se Filings

As an initial matter, on June 29, 2026, petitioner filed a second habeas petition, memorandum in support, and TRO application on her own behalf. *See* docket nos. 15-16, 18. Because petitioner is represented by counsel, she is not entitled to file documents pro

---

the hearing. As such, Exhibit A refers only to the audio file titled "950_4-21-2026_9-55-52_AM."

se and the court declines to consider them. *See Williams v. Yuen*, 2016 WL 9110167, at *3 (N.D. Cal. May 13, 2016) ("The refusal to allow *pro se* filings from litigants represented by counsel is a widespread practice in state and federal courts."); *see, e.g., U.S. v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015) (district court acted within its discretion when it declined to consider issue raised by litigant in pro se filing because litigant was represented by counsel); *Rosenblum v. Campbell*, 370 F. App'x 782, 783 (9th Cir. 2010) ("Because [petitioner] is represented by counsel, only counsel may submit filings."); *U.S. v. Nebel*, 2019 WL 5550021, at *1 (E. D. Cal. Oct. 28, 2019) (dismissing pro se motion filed by litigant who was represented by counsel); *Wilkins v. Macomber*, 2018 WL 2117504, at *7 (N.D. Cal. May 8, 2018) (declining to consider letters and requests filed by petitioner as long as he is represented by counsel).

Moreover, the court notes that there are questions as to the accuracy of the factual allegations in the second habeas petition. For example, petitioner alleges this court granted a prior habeas petition and ordered petitioner be provided an individualized bond hearing. Docket no. 16 at 10. But petitioner does not appear to have filed a prior habeas petition. This suggests petitioner may have used artificial intelligence to draft the second habeas petition and failed to confirm the accuracy of the factual allegations. In any event, even if the court were to consider the second habeas petition filed by petitioner herself, it does not change the outcome.

**B. <u>This Court Has Jurisdiction Over the Claim in the Petition</u>**

Respondents argue this court lacks jurisdiction to review the IJ's bond decision under § 1226(e).[3] Answer at 4-5.

---

[3] Respondents also argue in wholly conclusory fashion that the court lacks jurisdiction to review this claim under § 1252(a)(2)(B)(ii). Answer at 5. Section 1252(a)(2)(B)(ii) strips federal courts of the jurisdiction to review "decision made discretionary by legislation." *Concepcion v. Mullin*, 2026 WL 1388761, at *4 (S.D. Cal. May 18, 2026) (quoting *Bouarfa v. Mayorkas*, 604 U.S. 6, 17 (2024)) (cleaned up). It does not refer to discretionary decisions. *Id*. (citing *Spencer Enters., Inc. v. U.S.*, 345 F.3d 683, 689 (9th Cir. 2002)).

"Under [8 U.S.C.] § 1226(e), an alien may not challenge a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release in federal court." *Martinez v. Clark*, 124 F. 4th 775 (9th Cir. 2024) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up)). This includes discretionary bond decisions. *See Perez Velasquez v. Bondi*, 2026 WL 1042479, at *2 (S.D. Cal. Apr. 16, 2026).

"Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (courts have jurisdiction under 28 U.S.C § 2241 to consider any error of law in an immigration proceeding, including due process violations); *Perez Velasquez*, 2026 WL 1042479, at *2. The "application of the 'dangerousness' standard is a reviewable mixed question" of law and fact. *Martinez*, 124 F.4th at 783; *Singh*, 638 F.3d at 1207 n.6 ("The question of what standard of dangerousness the government must meet presents a reviewable legal issue."). Similarly, a flight risk determination is also a mixed question of fact law and fact, "which is reviewable to the district court as a question of law." *Miri v. Bondi*, 2026 WL 622302, at *5 (C.D. Cal. Mar 5, 2026); *W.T.M. v. Bondi*, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026) (court has subject matter jurisdiction over the IJ's flight risk determination where the petitioner challenges whether the bond hearing violates his due process rights). As such, "a district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional" for abuse of discretion. *Kharis v. Sessions*, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see Martinez*, 124 F.4th at 784; *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026); *Miri*, 2026 WL 622302, at *5.

Here, petitioner argues the IJ "failed to conduct an individual assessment of flight risk and danger to the community" as required by due process. Pet. at 7. Although respondents contend the claim is simply a disagreement with the IJ's denial, as noted

above, the IJ's application of the dangerousness standard is a mixed question of law and fact. *Martinez*, 124 F.4th at 783. Petitioner has therefore properly invoked this court's habeas jurisdiction.

**C. <u>Administrative Exhaustion Is a Prudential Requirement</u>**

Respondents also contend the Petition is defective because petitioner must first exhaust her claim by appealing to the BIA. Answer at 5-10.

The Immigration and Nationality Act contains an administrative exhaustion requirement. *Puga v. Chertoff*, 488 F.3d 812, 814-15 (9th Cir. 2007) (citing 8 U.S.C. § 1252(d)(1)). But "[t]he exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted); *Singh*, 638 F.3d at 1203 n.3 ("On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement."). "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Puga*, 488 F.3d at 815 (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)); *see N.A. v. Warden, Adelanto Det. Facility*, 2026 WL 734587, at *6 (C.D. Cal. Feb. 20, 2026) ("Because exhaustion is not jurisdictional, courts have discretion to waive a prudential requirement.") (internal quotation marks and citation omitted).

Assuming the *Puga* factors weigh in favor of an exhaustion requirement, the court here exercises its discretion to waive the exhaustion requirement because the first and

third *Laing* factors apply. First, petitioner will suffer irreparable injury through her continued detention after an allegedly constitutionally inadequate bond hearing while waiting for the BIA's decision. *See Perez Velasquez*, 2026 WL 1042479, at *4 (collecting cases). Second, the administrative remedies are inadequate and not efficacious. Even if the BIA reversed the bond determination, that would not be an adequate remedy for petitioner's potential prolonged detention. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019) ("[B]ecause of delays inherent in the administrative process, BIA review would result in the very harm that the bond hearing was designed to prevent: prolonged detention without due process during lengthy and backlogged removal proceedings.") (internal quotation marks and citation omitted). Accordingly, the court exercises its discretion to waive the exhaustion requirement.

**D. <u>The Petition Does Not Sufficiently State a Basis for Habeas Relief</u>**

Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition must: (1) "specify all the grounds for relief available to the petitioner;" and (2) "state the facts supporting each ground." *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citation omitted); *see also* Rule 1(b) of the Rules Governing § 2254 Cases (these habeas rules may be applied to § 2241 petitions). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (citation omitted). Although habeas petitions filed by pro se litigants "are construed more liberally than counseled petitions . . . the petition must still allege sufficient facts to state a cognizable claim . . . ." *Clark v. Broomfield*, 83 F.4th 1141, 1148 (9th Cir. 2023).

Here, the Petition is nearly devoid of facts. Petitioner identifies the decision she is challenging as the IJ's bond denial on April 21, 2026. Pet. at 3. Petitioner then asserts three grounds for relief, but two of them are not cognizable. Ground Two (to the extent it does not merge with Ground One) appears to be a jurisdictional argument, and Ground

Three alleges irreparable harm from the detention.[4] *Id*. at 7. As for Ground One, petitioner argues she was denied a constitutionally adequate bond hearing because the IJ failed to conduct an individualized assessment of flight risk and danger to the community as required by due process. *Id.* But petitioner alleges no facts to support this claim other than the date of the bond hearing. *See id*. at 3, 7.

Accordingly, the Petition is denied for failure to state a claim for which habeas relief could be granted. Normally, the court would provide petitioner an opportunity to amend the Petition. But here, even if the court were to accept all of the factual allegations from the TRO application and Reply, the Petition would still be denied on its merits, as discussed below.

**E. <u>The Immigration Judge's Bond Determination Was Not an Abuse of Discretion</u>**

Petitioner argues her detention violates her right to due process under the Fifth Amendment because the IJ failed to provide a constitutionally adequate bond hearing. Pet. at 7. Specifically, petitioner asserts the IJ improperly relied on a single arrest to find she was a danger to the community and failed to consider her husband's declaration and the factors demonstrating she is not a flight risk. Reply at 5-10; TRO App at 12-13.

**1. <u>Legal Standard</u>**

The Due Process Clause of the Fifth Amendment prohibits the government from depriving an individual of liberty without due process of law. U.S. Const. amend. V. An individual in a deportation proceeding is entitled to due process rights under the Fifth

---

[4] Among the few factual allegations in the Petition is petitioner's allegation that she has four United States citizen children, including a toddler who was recently hospitalized. Pet. at 7. But there is no mention of children anywhere else in the record. Indeed, at the bond hearing, petitioner's counsel cites her marriage to a U.S. citizen and her passion for sheltering animals (about 50 at a time) as factors demonstrating that she is not a flight risk, but makes no mention of children. *See* Answer, Ex. A at 5:40-6:40. Thus, it appears to the court that petitioner's counsel may have inadvertently included allegations from a different habeas petition in the instant Petition.

Amendment. *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000) (citation omitted). Due process "is satisfied only by a full and fair hearing," which requires an individualized bond determination in which the case is evaluated on its own merits. *Id*. The purpose of a bond hearing "is to determine whether [the] petitioner is a flight risk or danger." *Jensen v. Garland*, 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023); *see Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008).

"To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine [non-exhaustive] factors under BIA precedent." *Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). An ALJ may consider any or all of the following:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. at 40. "An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* While an IJ need not address every piece of evidence, they must consider and address the submitted evidence and issue a decision that fully explains their reasoning. *Franco-Rosendo v. Gonzalez*, 454 F.3d 965, 966 (9th Cir. 2006) (an IJ "abuses [his] discretion when [he] fails to consider and address in its entirety the evidence submitted by a petitioner and to issue a decision that fully explains the reasons

for" the decision) (quotation marks and citation omitted); *see Maksim v. Warden, Golden State Annex*, 2026 WL 82339, at *2 (E.D. Cal. Jan. 12, 2026) (an IJ's failure to specifically state that he considered certain facts or evidence does not mean he failed to consider them since he is presumed to have considered the evidence before him) (citing *Larita-Martinez*, 220 F.3d at 1095). When there is an indication the IJ failed to actually consider all of the evidence, the court will not credit an IJ's vague assertion. *Perez Vazquez*, 2026 WL 1042479, at *6.

In assessing dangerousness, the most pertinent of the *Guerra* factors is "the alien's criminal records, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Singh*, 638 at 1206 (citing *In re Guerra*, 24 I. & N. Dec. at 40). While criminal history is relevant, it alone will not necessarily be sufficient to justify a finding of dangerousness; recency and severity must be considered. *Id.* An IJ is also permitted to consider pending charges or an arrest, but the evidence supporting the charge must be probative and specific. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1005 (N.D. Cal. 2018); *see also Hilario v. Pankim v. Barr*, 2020 WL 2542022, at *9 (N.D. Cal. May 19, 2020) (the Federal Rules of Evidence do not apply in immigration proceedings and the IJ may rely on information that is available or presented to him).

Courts review an immigration judge's danger or flight risk determination under an abuse of discretion standard. *Martinez*, 124 F.4th at 784-85. An immigration judge's danger or flight risk determination is an abuse of discretion when it is "arbitrary, irrational, or contrary to law." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts [] have found due process violations where IJs abuse discretion in bond determinations." *Soto Gimenez*, 2026 WL 1156075, at *6 (collecting cases).

**2. The IJ's Dangerousness Determination Was Not an Abuse of Discretion**

The IJ denied bond on the basis that petitioner failed to meet her burden to show she is not a danger to the community.[5] Answer, Ex. A at 29:38-30:01. The IJ heard arguments and reviewed the evidence, including the police reports of her July 10, 2025 arrest and a 212-page submission by petitioner. The IJ was presented with evidence that petitioner was not charged with a crime after the arrest. The IJ concluded the circumstances surrounding petitioner's July 10, 2025 arrest for corporal injury to her now husband, specifically the injuries she inflicted, the fact that she did not retreat before inflicting the injuries, the recency of the arrest, and the violent nature of the acts themselves, were bases to find her a danger to society. *Id.* at 22:45-29:44. The IJ also noted that petitioner's decision to stay beyond her visa's expiration date demonstrated a disregard for the laws of the United States. *Id*. at 27:46-28:10.

Under an abuse of discretion standard, a court may review whether the IJ's legal conclusion is supported by the evidence as a whole. *See Martinez*, 124 F.4th at 785. There is no dispute that petitioner was arrested for corporal injury in July 2025. Answer, Ex. A at 14:50-56. Nor may the court review the IJ's factual determination. *Martinez*, 124 F.4th at 783 (federal courts are precluded from reviewing underlying factual determinations). The IJ permissibly considered evidence of this arrest and the underlying facts even though petitioner has not been charged with or convicted of a crime. *See Castaneda v. Aitken*, 2015 WL 3882755, at *7 (N.D. Cal. Jun. 23, 2015) (an immigration judge may rely on evidence presented to him or her so long as it is probative). Here, although petitioner had no criminal history other than the July 2025 arrest, its recency and nature was sufficient to support the IJ's determination.

---

[5] In the Petition and Reply, petitioner argues the IJ, inter alia, failed to conduct an individualized assessment of flight risk and consider all the factors demonstrating she is not a flight risk. Pet. at 7; Reply at 5-10. The IJ did not deny petitioner bond on the basis that she is a flight risk.

Petitioner has not established an abuse of discretion with respect to the dangerousness determination. As such, even considering the factual allegations and evidence from the TRO application and Reply, the court denies the Petition on its merits.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment will be entered denying the Petition with prejudice.

DATED: September 2, 2026

SHERI PYM
United States Magistrate Judge